PER CURIAM.
A neighbor’s dog bit Mary Ann Browd’s dog on two separate occasions. Browd lodged a complaint with Dade County’s Animal Care and Control Division which investigated the matter through an animal control officer and concluded that the offending neighbor’s dog committed the attacks but was “not dangerous.” Browd appealed the agency action to the appellate division of the Eleventh Judicial Circuit. The petitioner moved to dismiss the appeal for lack of subject matter jurisdiction which motion the court denied as it did the renewed motion on the same basis. The petitioner then sought the instant writ of prohibition on the basis that the judiciary may not intercede, superintend or control the executive actions of government, in this case, the Animal Care and Control Division.
Browd points to section 5-6.2 of the Dade County Code which provides that a dog shall be designated as dangerous if it severely injures another’s animal while away from its owner’s property. Also, Browd notes that the term “severe,” as above-used, means under section 4 — 6.2(4)(a)(4) any physical injury that results in multiple bite punctures. Browd argues that the word “shall” used in *1261 the above-described ordinance required the animal control officer to declare the neighbor’s offending dog dangerous which in turn would mandate that the dog be muzzled or subject to special confinement. Consequently, Browd asserts that if the appellate division does not retain jurisdiction the animal control officer’s failure to follow the Code’s mandatory provisions would be unreviewable and would deprive her of any remedy. We disagree.
First, she has a remedy of the ballot box. Secondly, she may maintain an action against the owner of the offending animal. Otherwise, we must agree with the county’s position that the animal control officer’s decision was a discretionary executive action not amenable to control, superintendence, or review by the judiciary. See Carter v. City of Stuart, 468 So.2d 955, 957 (Fla.1985).
For this reason, we grant the county’s application for a writ of prohibition and assume it will not be necessary for us to issue our formal writ. It is so ordered.